UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                          )<br>          Plaintiff, )<br>                                          )<br>vs.                                  )<br>                                          )<br>JACE A. FAUGNO, )<br>                                          )<br>          Defendant. ) | Case No. 3:18 CR 30172 NJR |

**MOTION TO MODIFY CONDITIONS OF RELEASE**

COMES NOW, Defendant, Jace Faugno, through his attorney, Mark A. Hammer ("Counsel"), and respectfully requests that his pretrial supervision be transferred, subject to the approval of pretrial services from the Eastern District of Missouri ("the EDMO") to the Western District of Kentucky ("the WDKY"), in Paducah, Kentucky.

The motion is made on the following grounds:

1)      One year ago, on November 16, 2018, this Court released defendant on an Unsecured Appearance Bond, subject to an Order Setting Conditions of Release [Doc. 24]. Pursuant to Paragraph 7(r), Defendant was to participate in the location monitoring program of Home Detention, with location monitoring technology at the discretion of the officer.

2)      On May 16, 2019, Defendant moved to modify the conditions of his release to permit his participation in the Curfew program, with location monitoring at the discretion of his pretrial release officer. [Doc. 32]. EDMO US Pretrial Services Officer Lauren Gilkerson and SDIL US Pretrial Services Officer Brenda Tate concurred that Defendant had done well on Home Detention and had no objection to Defendant's

modification to Curfew.  On May 17, 2019, the Court entered its *Order* moving Defendant from Home Detention to Curfew. [Doc. 33].

      3)      Since the modification to Curfew, Defendant has continued to excel on pretrial release.  He has maintained fulltime employment and has fulfilled all restrictions and conditions directed by the Court and his officer.

      4)      Defendant's sentence is scheduled for January 14, 2019.  In anticipation of Defendant's incarceration, his wife has recently moved home to Paducah, Kentucky to accept a job closer to her family.  Defendant's family also live in Paducah.  His father and mother have a home there.  They're employed and have no criminal history.  Defendant is asking the Court to allow his supervision to be transferred to the Western District of Kentucky to save him the continued expense of renting an apartment alone and allow him to celebrate the holidays with his wife and family. He would live there with his parents.

      5)      Counsel has communicated with SDIL Officer Tate regarding Defendant's proposed motion.  She has confirmed that Defendant is doing well, and she has *no objection* to the Court's modification of Defendant's conditions to permit the transfer.  Pretrial Services Officers in WDKY have already fully investigated and approved Defendant's home plan with his parents in Paducah. They also report that, should the Court permit Defendant's self-surrender after sentencing, the parent's home meets state sex offender registration requirements.

      6)      Counsel also communicated with AUSA Christopher Hoell who, learning of Pretrial Services' position, stated that he will defer to probation and the Court regarding the purposed modification.

WHEREFORE, Defendant respectfully requests that the Court modify paragraph 7(f) of its November 16, 2018 *Order Setting Conditions of Release* to permit Defendant's travel to reside in a residence approved by Pretrial Services in the Western District of Kentucky.

Respectfully submitted,

/s/ Mark A. Hammer

Mark A. Hammer, Bar #61542
The Hammer Law Firm, LLC
100 Chesterfield Business Pkwy, Ste 200
Chesterfield, MO  63005
314-651-9311

## *CERTIFICATE OF SERVICE*

I certify that, on November 19, 2019, a copy of this document was electronically filed with the Clerk of Court, and served on all counsel of record, by the CM-ECF system.

/s/ Michelle Deubler
────────────────────────
Michelle Deubler