## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:18 CR 30172 NJR |
| vs. | ) | |
| | ) | |
| JACE A. FAUGNO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION TO CONTINUE SENTENCING

COMES NOW Defendant Jace Faugno, by and through his attorney, Mark A. Hammer ("counsel"), and respectfully requests a continuance of his sentencing currently scheduled for May 18, 2020 at 9:30 am for about eight weeks.  This motion is made on the following grounds:

1) Counsel understands that, pursuant to Administrative Order 266, filed May 1, 2020, the District Court is closed except to "meet its constitutional duties and handle emergencies." The Court has specifically determined that "felony sentencings under Federal Rule of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety."  Video teleconferencing of felony sentencings may be available when "additional case-by-case findings" are made by the presiding judge.  Even when those findings have been made, the Rule 32 sentencings "may only take place with the consent of the defendant."

2) Defendant resides in Kentucky and his travel into southern Illinois in the midst of the pandemic would be extremely dangerous.  Even if there was video teleconference technology made available for him, he would still prefer to be standing next to his attorney to receive necessary advice and explanation during this critical appearance.  For

that reason, he would respectfully decline a video teleconference even if made available for his May 18 appearance. If an in-person appearance would still prove impractical in a couple of months, and the Court suggests we proceed by video teleconference at that time, Defendant would certainly reconsider his position at that later date.

3) As the Court is also aware from earlier motions to continue, Counsel has sought the release of Defendant's counseling records from Professional Psychotherapy Services ("PPS") for issue-specific counseling during the lengthy period of his pretrial release. Pretrial Services has just last week received permission from the Court to deviate from its contract with PPS, and release information to the parties and Court regarding Defendant's participation in PPS, including information concerning client's participation, commitment to counseling and amenability to treatment. The next step is for PPS to provide Defendant with a form for his release of this private information. Counsel has made two requests for this release and hopes to receive it soon. Even with less restrictive conditions however, it would still require at least a few weeks before we can made this important information available to the Court.

4) Counsel has spoken to AUSA Christopher Hoell who has *no objection* to the proposed continuance.

For these reasons, Defendant respectfully requests that his sentencing be continued for about eight weeks.

Respectfully submitted,

/s/ Mark A. Hammer

_____

Mark A. Hammer, MO Bar #61542
The Hammer Law Firm, LLC
100 Chesterfield Business Pkwy, Ste 200
Chesterfield, MO  63005
314-651-9311

## *CERTIFICATE OF SERVICE*

I certify that, on May 7, 2020, a copy of this document was electronically filed with the Clerk of Court, and served on all counsel of record, by the CM-ECF system.

/s/ Mark A. Hammer

_____